1  TOMIO B. NARITA (SBN 156576)
   ROBIN M. BOWEN (SBN 230309)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  rbowen@snllp.com

6  Attorneys for defendant
   Butler, Robbins & White
7

ORIGINAL FILED
APR 23 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MA,<br><br>    Plaintiff,<br><br>vs.<br><br>FINANCIAL CREDIT CLEARING HOUSE – 1956 INCORPORATED, Inc., dba Butler, Robbins & White,<br><br>    Defendant. | CASE NO. CV 08 2131 MHP<br><br>**NOTICE OF REMOVAL**<br><br>BY FAX |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Financial Credit Clearing House–1956, Incorporated, dba Butler, Robbins & White ("BRW") hereby remove to this Court the state court action described below.

1. On March 13, 2008, a complaint was filed against BRW by plaintiff Sandra Ma ("Plaintiff") in an action pending in the Superior Court of the State of California in and for the County of Alameda, entitled *Sandra Ma v. Financial Credit Clearing House–1956 Incorporated, Inc. dba Butler, Robbins & White.*, Case No. HG08376401. A copy of the state court complaint ("Complaint") is attached hereto as **Exhibit A**.

2. This removal petition is timely under 28 U.S.C. § 1446(b) because BRW first received a copy of the Complaint, via United States Mail on March 28, 2008.

## JURISDICTION

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and that may be removed to this Court by BRW pursuant to the provisions of 28 U.S.C. § 1441(b) in that the Complaint asserts federal claims against BRW allegedly arising under 15 U.S.C. § 1692 *et seq.* (the Fair Debt Collection Practices Act).

## VENUE

4. The Complaint was filed in the Superior Court of the State of California, County of Alameda. Therefore, venue in the San Francisco Division or the Oakland Division of this District is proper. *See* Local Rule 3-2(d) (stating "all civil actions which arise in the counties of Alameda . . . shall be assigned to the San Francisco Division or the Oakland Division"); 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending).

//

1      5.    BRW is represented by the undersigned.

3  DATED: April 23, 2008    SIMMONDS & NARITA, LLP
    TOMIO B. NARITA
    ROBIN M. BOWEN

By: *[signature]* Robin M. Bowen
Attorneys for defendant
Butler, Robbins & White

Exhibit A

Scott Maurer (CSB#180830)
(smaurer@scu.edu)
Santino Prado (Certified Law Student CSB #20192)
(sprado@scu.edu)
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER
1030 The Alameda
San Jose, CA 95126
(408) 288-7030 – Tel.
(408) 288-3581 – Fax

C. GREEN

Attorneys for Plaintiff Sandra Ma

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

(Unlimited Jurisdiction Division)

HG08376401

| | |
|---|---|
| SANDRA MA, | Case No.: |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 *et seq.*, and CALIFORNIA CIVIL CODE §1788 *et seq.*, and CALIFORNIA CIVIL CODE §1812.700 *et seq.* |
| vs. | |
| FINANCIAL CREDIT CLEARING HOUSE – 1956 INCORPORATED, Inc, dba Butler, Robbins & White, | |
| Defendant. | |

INTRODUCTION

1. Sandra Ma is a 34 year-old resident of Alameda County. Her only source of income is SSI. She also receives medical insurance through Medi-Cal.

COMPLAINT - 1

2. During the summer of 2007 Defendants harassed Ms. MA relentlessly to collect a debt they knew or should have known was covered by Medi-Cal. Defendants went so far as to resort to racial taunts and threats to take Ms. MA's home away.

3. The following paragraphs are alleged on information and belief: 5,7, and 8.

## PARTIES

4. Plaintiff SANDRA MA is a natural person, who resides in the City of Hayward, California, located in Alameda County and is a "consumer" as defined by 15 USC §1692a(3) and a "debtor" as defined by Cal. Civil Code §1788.2(h).

5. Defendant FINANCIAL CREDIT CLEARING HOUSE – 1956 INCORPORATED, hereafter "FCCH," is a Florida corporation which does business in California. FCCH is a "debt collector" as defined by 15 USC §1692a(6) and Cal. Civil Code ("CC") §1788.2(c).

## FACTUAL BACKGROUND

6. SANDRA MA is disabled. Her only source of income is SSI. As a result of her disability she receives health insurance through Medi-Cal.

7. In or around August 2006, Ms. MA received medical treatment aboard a Princess Cruise Line ship. Princess Cruise Line has attempted to collect charges for medical care from Ms. MA. Ms. MA and/or persons acting on her behalf provided Princess a copy of her Medi-Cal information. Ms. MA and/or persons action on her behalf provided Princess a copy of her Medi-Cal information. Ms. MA and/or persons acting

COMPLAINT - 2

on her behalf instructed Princess to bill Medi-Cal. Apparently Princess did not do so. The money allegedly owed is a "debt" as defined by 15 U.S.C. §1692a(5) and Cal. Civil Code §1788.2(d).

8. On a date unknown to Plaintiff but prior to June 29, 2007, Princess assigned the alleged debt to defendant for collection.

9. On June 29, 2007, Defendant mailed Ms. MA a letter stating that Defendant is a debt collector and payments for her medical treatment should be sent to their firm.

10. During the entire month of July 2007, Defendant called Ms. MA and her mother everyday, even though she told Defendant that she was covered under Medi-Cal and that Medi-Cal should be contacted for payment.

11. Defendant then threatened Ms. MA and her mother with a lawsuit, along with a threat to her mother's home. At one point one of the Defendant's agents made racial remarks to Ms. MA's mother stating that she did not understand the law and that she should "go back to China."

12. Ms. MA and/or persons acting on her behalf informed Defendants that she was on Medi-Cal and that Defendants and/or Princess should bill Medi-Cal. Nonetheless, Defendants continued to call Ms. MA's residence on a daily basis.

COMPLAINT - 3

## FIRST CAUSE OF ACTION

(Violation of Federal Debt Collection Practices Act: 15 USC §1692 *et seq* "FDCPA")

(Asserted against Defendant FCCH)

13. Plaintiff alleges and incorporates herein by this reference, each and every allegation set forth in all other paragraphs.

14. By continuously and repeatedly calling Ms. MA, FCCH violated the following sections of the Federal Fair Debt Collection Practices Act: 15 U.S.C. §§1692d, 1692d(5), and 1692f.

15. By threatening to take actions against Ms. MA and her mother that could not be legally taken, FCCH violated following sections of the Federal Fair Debt Collection Practices Act: 15 U.S.C. §§1692e, 1692e(4), 1692e(5), and 1692e(10).

16. By telling Ms. MA's mother that she should go back to China, FCCH violated following sections of the Federal Fair Debt Collection Practices Act: 15 U.S.C. §§1692d, and 1692f.

## SECOND CAUSE OF ACTION

(Violation of California's Rosenthal Act: Cal. Civil Code §1788 *et seq.*)

(Asserted against Defendant FCCH)

17. Plaintiff alleges and incorporates herein by this reference, each and every allegation set forth in all other paragraphs.

18. By violating the Federal FDCPA as set forth in the First Cause of Action, FCCH violated Cal. Civil Code §1788.17.

19. By implying to Ms. MA that the nonpayment of the debt would result in the loss of her family's home, Defendants violated Cal. Civil Code §1788.10(e)

20. By continuously making telephone calls with unreasonable frequency to Ms. MA, Defendants violated Cal. Civil Code §1788.11(d).

21. The foregoing acts and practices were undertaken willfully and knowingly.

### THIRD CAUSE OF ACTION

(Violation of California Civil Code §1812.700 *et seq.*)

(Asserted against Defendant FCCH)

22. Plaintiff refers to and incorporates all paragraphs as though fully set forth herein.

23. By not providing the disclosure required by Cal. Civil Code §1812.700 in FCCH's first collection letter to Ms. MA, FCCH violated Cal. Civil Code §1812.700.

24. The foregoing acts of DEFENDANT were undertaken by it willfully and knowingly

### FOURTH CAUSE OF ACTION

(Violation into Seclusion – Invasion of Privacy)

25. Plaintiff alleges and incorporates herein by this reference, each and every allegation set forth in all other paragraphs.

26. The foregoing acts of Defendant FCCH constitute an invasion of Plaintiff's privacy and/or intrusion upon her rights to seclusion.

27. Plaintiff has a common law right to privacy in her home. Defendants' practices in the collection of the alleged debt constitute an invasion upon Plaintiff's seclusion and privacy, and are highly offensive to a reasonable person.

28. Defendant acted with oppression, fraud, and/or malice.

29. Plaintiff is entitled to recover actual and punitive damages.

## PRAYER FOR RELIEF

30. Plaintiffs respectfully request that this court:

**With respect to First Cause of Action (violation of Federal Act 15 USC §1692)**

  a. Award statutory damages of up to $1,000 pursuant to 15 USC §1692k(a)(2)(A)

  b. Award Actual damages of up to $25,000 pursuant to 15 USC §1692k(a)(1)

  c. Award Plaintiff attorney's fees and costs pursuant to USC §1692k(a)(3); and

  d. Award Plaintiff other and further relief as the Court may deem proper.

**With respect to Second Cause of Action (violation of Cal. Civil Code §1788)**

  a. Award statutory damages of up to $1,000 pursuant to Cal. Civil Code §1788.30(b);

  b. Award actual damages of up to $25,000 pursuant to Cal. Civil Code §1788.

  c. Award statutory damages of up to $1,000 pursuant to Cal. Civil Code §1788.17;

  d. Award Plaintiff attorney's fees and costs pursuant to Cal. Civil Code §1788.17 and §1788.30(c); and

  e. Award Plaintiff other and further relief as the Court may deem proper.

**With respect to Third Cause of Action (violation of Cal. Civil Code §1812.700)**

  a. Award statutory damages of up to $1,000 pursuant to Cal. Civil Code §1788.30(b);

  b. Award Plaintiff attorney's fees and costs pursuant to Cal. Civil Code §1788.17 and §1788.30(c); and

  c. Award Plaintiff other and further relief as the Court may deem proper.

1  With respect to the Fourth Cause of Action (violation into Seclusion – Invasion of Privacy)

    a. Award actual damages according to proof;

    b. Award punitive damages;

    c. Award such other relief that this Court deems necessary and proper.

Respectfully Submitted,     KATHARINE & GEORGE ALEXANDER

                                      COMMUNITY LAW CENTER

Dated March 11, 2008

                                      Santino Prado, Certified Law Student*

Dated March 11, 2008

                                      Scott Maurer, Supervising Attorney*

*Pursuant to the State Bar rules governing the practical training of law students

Scott Maurer (CSB#180830)
Santino Prado (CSL#20192)
Katherine and George Alexander Community Law Center
1030 The Alameda
San Jose, CA 95126
Phone: (408) 288-7030
Fax: (408) 288-3851

C. GREEN

Attorneys for Plaintiff Sandra Ma,

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

(Unlimited Jurisdiction Division)

| | |
|---|---|
| SANDRA MA<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL CREDIT CLEARING HOUSE – 1956 INCORPORATED, Inc, dba Butler, Robbins & White,<br><br>Defendants. | Case No. HG08376401<br><br>**SANDRA MA'S NOTICE OF RIGHT TO SEEK PUNITIVE DAMAGES**<br><br>{Cal. CCP §425.115} |

NOTICE TO:

FINANCIAL CREDIT CLEARING HOUSE – 1956 INCORPORATED, Inc, dba

Butler, Robbins & White:

SANDRA MA reserves the right to seek $500,000 in punitive damages when SANDRA MA seeks a judgment in the suit filed against you.

Dated: March 11, 2008                    ALEXANDER COMMUNITY LAW CENTER

_____
By: Santino Prado, Certified Law Student*

_____
Scott Maurer, Supervising Attorney*
For Defendant Pamela Tung

* Pursuant to State Bar Rules governing the practical training of law students