1   TOMIO B. NARITA (SBN 156576)
    ROBIN M. BOWEN (SBN 230309)
2   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
3   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
4   Facsimile:   (415) 352-2625
    tnarita@snllp.com
5   rbowen@snllp.com

6   Attorneys for defendant
    Butler, Robbins & White
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12  SANDRA MA,                        )   CASE NO.: 3:08-cv-02131 MHP
                                      )
13            Plaintiff,              )   **ANSWER TO COMPLAINT**
                                      )
14       vs.                          )
                                      )
15                                    )
                                      )
16  FINANCIAL CREDIT CLEARING         )
    HOUSE – 1956 INCORPORATED,        )
17  Inc., dba Butler, Robbins & White,)
                                      )
18            Defendant.              )
                                      )
19  _____  )

20

21

22

23

24

25

26

27

28

Defendant FINANCIAL CREDIT CLEARING HOUSE–1956 INC. dba Butler, Robbins & White ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff SANDRA MA ("Plaintiff"):

1.      In answering Paragraph 1 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a resident of Alameda County, California. Defendant lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 1 of the Complaint and on that basis denies them.

2.      Denied.

3.      Defendant avers that no response to Paragraph 3 of the Complaint is required of it.

4.      In answering Paragraph 4 of the Complaint, Defendant admits, n information and belief, that Plaintiff is a natural person who resides in Hayward, California, Alameda County.  Defendant admits, on information and belief, that Defendant qualifies as a "consumer" as defined by the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692a(3) and as a "debtor" as defined by the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code § 1788.2(h).  Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.      In answering Paragraph 5 of the Complaint, Defendant admits that it is a Florida corporation that conducts interstate business with residents of the State of California and that it has, at times, acted as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the Rosenthal Act, Cal. Civ. Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.      Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 6 of the Complaint and on that basis, denies them.

7.      In answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff received medical care aboard a Princess Cruise Lines, Ltd. ("Princess")

ship in August 2006. Defendant admits that after Plaintiff failed to pay the amount incurred, Defendant attempted to collect the financial obligation owed by Plaintiff that was incurred to Princess. Defendant admits that this financial obligation of Plaintiff qualifies as a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5) and by the Rosenthal Act, Cal. Civ. Code § 1788.2(d). Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.     Admitted.

9.     In answering Paragraph 9 of the Complaint, Defendant admits that it sent Plaintiff a letter dated June 29, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.    Denied.

11.    Denied.

12.    In answering Paragraph 12 of the Complaint, Defendant admits that Plaintiff's mother told Defendant that she believed Medicaid should pay Plaintiff's financial obligation at issue. Defendant also admits that Plaintiff told Defendant that she intended to submit a claim to Medicaid for the balance of her financial obligation at issue. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.    Defendant incorporates by reference paragraphs 1 through 13 above as if fully stated herein.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Defendant incorporates by reference paragraphs 1 through 16 above as if fully stated herein.

18.    Denied.

19. Denied.

20. Denied.

21. Denied.

22. Defendant incorporates by reference paragraphs 1 through 21 above as if fully stated herein.

23. Denied.

24. Denied.

25. Defendant incorporates by reference paragraphs 1 through 24 above as if fully stated herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

1

## SEVENTH  AFFIRMATIVE DEFENSE

2

### (Waiver)

3        Plaintiff has waived her rights, if any, to recover the relief she seeks in the

4  Complaint based upon her own conduct and admissions with respect to the debt.

5

6

## EIGHTH AFFIRMATIVE DEFENSE

7

### (Good Faith)

8        Defendant has, at all material times with respect to Plaintiff, acted in good

9  faith in an effort to comply fully with all relevant federal and state laws.

10

11

## NINTH AFFIRMATIVE DEFENSE

12

### (Apportionment)

13        Without admitting that any damages exist, if damages were suffered by

14  Plaintiff as alleged in the Complaint, those damages were proximately caused by

15  and contributed by persons other than Defendant.  The liability, if any exists, of all

16  Defendants and/or any responsible parties, named or unnamed, should be

17  apportioned according to their relative degrees of fault, and the liability of this

18  Defendants should be reduced accordingly.

19

20

## TENTH AFFIRMATIVE DEFENSE

21

### (Supervening Cause)

22        The causes of action in the Complaint are barred, in whole or in part, to the

23  extent that any injury or loss sustained was caused by intervening or supervening

24  events over which Defendant had or has no control.

25

26

27

28

MA V. FINANCIAL CREDIT CLEARING HOUSE-1956 INC.
ANSWER TO COMPLAINT                                                                    6.

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Equitable Indemnity)

3        To the extent that Plaintiff has suffered any damage as a result of any

4    alleged act or omission of Defendant, which Defendant denies, Defendant is

5    entitled to equitable indemnity according to comparative fault from other persons

6    and/or entities causing or contributing to such damages, if any.

7

8

## TWELFTH AFFIRMATIVE DEFENSE

9

### (Setoff)

10        To the extent that Plaintiff has suffered any damage as a result of any

11    alleged act or omission of Defendant, which Defendant denies, Defendant is, on

12    information and belief, entitled to a setoff in the amount Plaintiff owes on her

13    unpaid account.

14

15

## THIRTEENTH AFFIRMATIVE DEFENSE

16

### (First Amendment)

17        Defendant's conduct is protected under the First Amendment of the United

18    States Constitution and the California Constitution.  Plaintiff's proposed

19    interpretation of provisions of the FDCPA and state law must be rejected as they

20    would place an unreasonable restraint upon Defendant's First Amendment rights,

21    thereby raising serious constitutional issues.

22

23        WHEREFORE, Defendants request judgment as follows:

24        1.   That Plaintiff takes nothing by the Complaint, which should be

25    dismissed with prejudice.

26        2.   That Defendants recover from Plaintiff costs according to proof.

27        3.   That Defendants recover attorney's fees according to proof.

28

1        4.   That the Court orders such other further reasonable relief as the Court

2    may deem just and proper.

3

4    DATED: April 28, 2008         SIMMONDS & NARITA LLP
                          TOMIO B. NARITA

5                              ROBIN M. BOWEN

6

7                         By:      /S/

8                              Robin M. Bowen
                          Attorneys for defendant

9                              Butler, Robbins & White

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28