1 | Scott Maurer (CSB #180830)
2 | Reema Diwan (CLS #21052)
  | Alexander Community Law Center
3 | 1030 The Alameda
  | San Jose, CA 95126
4 | Phone: 408-288-7030
5 | Fax: 408-288-3581

6 | Attorneys for Plaintiff Sandra Ma

7 |
8 | MICHAEL R. SIMMONDS (SBN 96238)
  | ROBIN M. BOWEN (SBN 230309)
9 | SIMMONDS & NARITA LLP
  | 44 Montgomery Street, Suite 3010
10| San Francisco, CA 94104
  | Telephone: (415) 283-1000
11| Facsimile: (415) 352-2625
12|
  | Attorneys for Defendant
13| Financial Credit Clearing House

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| SANDRA MA, | Case No. C 08-02131 MHP |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| v. | |
| FINANCIAL CREDIT CLEARING HOUSE – 1956 INCORPORATED, Inc., dba Butler, Robbins, and White | CASE MANAGEMENT CONFERENCE DATE: July 28, 2008 TIME: 4:00 p.m. |
| Defendant. | The Honorable Marilyn Hall Patel |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
No. CV-08-2131

1

Pursuant to Civil Local Rules ("Civ. L.R.") 16-9, the parties jointly submit this Case Management Statement and Proposed Order. The parties make the following recommendations and representations:

## 1. JURISDICTION AND SERVICE

Plaintiff filed her complaint in Alameda County Superior Court. Defendant removed the case based on Plaintiff's Federal Fair Debt Collection Practices Act claim, 15 U.S.C. §1692 *et. seq.* There are no issues with respect to jurisdiction and venue; all parties have been served.

## 2. DESCRIPTION OF THE CASE:

Plaintiff filed this lawsuit contending that Defendant Financial Credit Clearing House – 1956 Incorporated, Inc., dba Butler, Robbins, and White ("FCCH") committed several violations of fair debt collection statutes in its attempt to collect a debt allegedly owed by plaintiff for medical care. Plaintiff alleges the following:

(1) that FCCH's first collection letter to Ms. Ma did not include the disclosure required by Cal Civil Code §1812.700.

(2) that during the entire month of July 2007, FCCH called Ms. Ma and her mother every day even though she told defendant that she was covered under Medi-Cal and that Medi-Cal should be contacted for payment.

(3) that Defendant threatened Ms. Ma and her mother with a lawsuit and made a threat to take away her mother's home.

(4) that Defendant made racial remarks to plaintiff's mother, namely that she "should go back to China" because "she doesn't know the law" and continued to make telephone calls with unreasonable frequency to her residence,

Plaintiff alleges that in so doing defendant FCCH violated the following codes: Cal Civil Code §1812.700; the Federal Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C §§1692e, 1692e(4), 1692e(5), 1692(10), 1692d and 1692f; Cal. Civil Code §§1788.17, 1788.10(e), and 1788.11(d) (the "Rosenthal Act"). In addition, plaintiff contends that defendant committed the tort of Invasion of Privacy.

Defendant denies all of the material allegations of the complaint, and denies it has violated section 1812.700 of the California Civil Code, the FDCPA, the Rosenthal Act, or that it has invaded her privacy. Defendant has filed an Answer to the complaint which sets forth its affirmative defenses to Plaintiff's claims.

### 3. LEGAL ISSUES

The principle legal issues include: 1) whether Defendant violated Cal. Civil Code §1812.700; 2) whether Defendant violated the FDCPA, 15 U.S.C. §1692 *et seq.*, 3) whether Defendant violated the Rosenthal Act, Cal. Civil Code §1788 *et seq.*; 4) whether Defendant invaded plaintiff's right to privacy; 5) if Defendant is found to have violated any statute, whether any of its stated affirmative defenses are applicable; 6) what damages, if any, are recoverable by Plaintiff; 7) whether Plaintiff is entitled to recover attorneys' fees and costs and, if so, in what amount; and 8) whether Defendant is entitled to recover attorneys' fees and costs and, if so, in what amount.

### 4. MOTIONS

There are no motions pending at this time. Each party reserves the right to move for summary judgment and/or partial summary adjudication.

### 5. AMENDMENT OF PLEADINGS:

The parties propose an October 1, 2008 deadline for amending pleadings.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
No. CV-08-2131
3

**6. EVIDENCE PRESERVATION:**

Plaintiff's attorneys have already collected and will preserve copies of all documents referred to in the complaint.

Defendant has directed its relevant employees to preserve all documents, in paper or electronic form, related to the subject matter of this case.

**7. DISCLOSURES**

The parties will serve their initial disclosures on July 21, 2008.

**8. DISCOVERY**

No discovery has been taken. The discovery limits set out by the Federal Rules of Civil Procedure should apply.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

The parties know of no related cases.

**11. RELIEF**

Sandra Ma seeks statutory damages of $3,000, actual damages of $25,000 for emotional distress, and punitive damages. She also seeks attorney's fees and costs.

Defendants will request that the Court enter judgment for Defendant on all claims. Defendants reserve the right to seek appropriate sanctions, including an award of the costs and attorneys' fees incurred in this action.

## 12. ALTERNATIVE DISPUTE RESOLUTON

The parties filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly requested is: Mediation. The parties intend to mediate at the earliest possible date.

## 13. CONSENT TO MAGISTRATE FOR ALL PURPOSES

The case was assigned to Judge Marilyn Hall Patel. The parties do not consent to reassignment.

## 14. OTHER REFERENCES

The parties do not believe that this case is suitable for assignment to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

The parties believe that this case presents relatively simple issues, and that alternative procedures are not necessary to narrow the issues further. However, the parties anticipate that many facts, including but not limited to the authenticity and admissibility of key documents, can be stipulated to in advance of trial and thus conserve the parties' and the court's resources.

## 16. EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that should be handled on an expedited basis with streamlined procedures.

## 17. SCHEDULING

The parties propose the following dates:

| Event | Date |
|---|---|
| Last Day to Join Parties and Amend Pleadings: | October 1, 2008 |
| Fact Discovery Cutoff: | January 15, 2009 |
| Initial Expert Designation/Report: | January 31, 2009 |
| Rebuttal Expert Designation/Report: | February 27, 2009 |
| Expert Discovery Cutoff: | March 31, 2009 |
| Last Day to File Dispositive Motions: | March 18, 2009 |
| Last Day for Hearing on Dispositive Motions: | June 01, 2009 |
| Pre-Trial Conference: | June 15, 2009 |
| Trial: | July 13, 2009 |

## 18. TRIAL

This matter may be tried to a jury. The parties estimate that the trial will last between two and four days depending on the result of any motion for summary judgment.

## 19. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Both parties have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16.

## 20. OTHER MATTERS

The parties do not wish to address any other matters in this Joint CMC Statement.

```
                                KATHARINE & GEORGE ALEXANDER
                                COMMUNITY LAW CENTER


Dated July 18, 2008            By: /s/_____
                                   Reema Diwan, Certified Law Student*
                                   (CLS #21052)
                                   For plaintiff Sandra Ma




Dated:  July 18, 2008          By: /s/_____
                                   Scott Maurer, Supervising Attorney*
                                   (SBN No. 180830)
                                   (smaurer@scu.edu)
                                   Attorney for Plaintiff Sandra Ma




                                SIMMONDS & NARITA LLP

Dated:  July 18, 2008          By: /s/_____
                                   Robin M. Bowen (SBN No. 230309)
                                   (rbowen@snllp.com)
                                   Attorney for Defendant Financial Credit
                                   Clearing House
```

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____    _____
                                    Marilyn Hall Patel, United States District Judge

*Pursuant to the State Bar rules governing the practical training of law students